Were we to adopt Gulf Life's view, the sword that Congress intended participants/beneficiaries to wield in asserting their rights could instead be turned against those whom it was designed to aid.[7] This inconsistent result would arise from the administrative procedures that a claimant must follow before he can bring suit in the federal courts. "For purposes of ERISA a cause of action does not accrue until an application [for benefits under the plan] is denied." *Paris v. Profit Sharing Plan for Employees of Howard B. Wolf, Inc.*, 637 F.2d 357, 361 (5th Cir.Feb.1981), *cert. denied*, 454 U.S. 836, 102 S.Ct. 140, 70 L.Ed.2d 117 (1981); *see Denton v. First Nat'l Bank of Waco*, 765 F.2d 1295, 1297, 1300–03 (5th Cir.1985); *Amato v. Bernard*, 618 F.2d 559, 567 (9th Cir.1980). Under Gulf Life's interpretation, a fiduciary therefore would always have an ample opportunity to defeat efforts by participants/beneficiaries to avail themselves of ERISA's broad venue provision; all the fiduciary need do in cases it intended to contest is file a declaratory judgment action in the district where the plan is administered and then, pursuant to section 1132(e)(2), serve the defendant participant/beneficiary in the district where he lives.[8] Such a procedure would stand ERISA's unequivocal purpose on its head.[9]

Accordingly, in light of the plain meaning of Congress's words as well as our understanding of Congress's purpose, Gulf Life in this case cannot avail itself of the liberal venue statute provided in 29 U.S. C.A. sec. 1132(e)(2). Therefore, the judgment of the district court is AFFIRMED.

Ignatius **WALLACE** and Rochelle Vana, **Plaintiffs-Appellees,**

v.

**TOWN OF PALM BEACH, a Florida Municipal Corporation, Joseph Terlizzese, Chief of Police, Robert Grace and Paul Ilyinsky, individually and in their capacities as present or former members of the Town Council, Charles Warwick, Defendants-Appellants.**

No. 86–5048
Non-Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

Feb. 13, 1987.

John C. Randolph, Johnston, Sasser, Randolph & Weaver, West Palm Beach, Fla., for defendants-appellants.

James K. Green, Green, Eisenberg & Cohen, W. Palm Beach, Fla., David Lipman, Lipman & Weisberg, Miami, Fla., M. David

---

7. For example, under Gulf Life's view of section 1132, if Gulf Life were headquartered in Guam it would be able to force Arnold to litigate his benefit plan rights in that forum. Although this states the case in its most extreme, it is not unusual for a national corporation to be headquartered in New York or in California. We believe that ERISA's legislative history unquestionably demonstrates that Congress did not intend to allow a fiduciary to force a plan participant/beneficiary who worked for a company for 30 years in Maine and who files a claim for benefits with that company, to be required to litigate his claim in Los Angeles.

8. It may be true that the participant/beneficiary in such a position could move for a change of venue. While it may be that such motions generally would be granted, it also may be that district courts would deny such motions for any number of reasons. For example, the fiduciary could maintain, as Gulf Life does, that the records and many of the witnesses are located where the fiduciary administers the plan and that removal is improper. Furthermore, even if the change of venue were granted, the participant/beneficiary would have had the additional expense, time and aggravation of litigating the change of venue motion in a distant forum.

9. We note that section 1132(e)(2) and section 1132(a)(3) both indicate they are designed to facilitate "this subchapter," and that the subchapter in question is entitled "Protection of Employee Benefit Rights." Gulf Life's position, were it to prevail, would tend to harm rather than protect employee benefit rights.

Gelfand, c/o Tulane Law School, New Orleans, La., for plaintiffs-appellees.

Before KRAVITCH and HATCHETT, Circuit Judges, and MORGAN, Senior Circuit Judge.

PER CURIAM:

This appeal is dismissed.

During the pendency of this appeal, the Florida Legislature passed, and the Governor signed, a statute which specifically forbids and preempts the registration scheme which is the subject of this suit.

**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**Reinaldo ORELLANES, a/k/a Reinaldo
Orellana, Defendant-Appellant.**

**No. 86–5179.**

United States Court of Appeals,
Eleventh Circuit.

Feb. 17, 1987.

James S. Mattson, Key Largo, Fla., for defendant-appellant.